IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHUNG H. CHAN,<br><br>                    Plaintiff,<br>v.<br><br>COMMISSIONER OF INTERNAL REVENUE,<br><br>                    Defendant. | REPORT & RECOMMENDATION<br><br>Case No. 2:15-cv-739-DN-BCW<br><br>District Judge David Nuffer<br><br>Magistrate Judge Brooke Wells |

*Pro se* Plaintiff Shung H. Chan ("Plaintiff") proceeding *in forma pauperis* brings this action against the Commissioner of Internal Revenue ("Defendant") claiming that he is owed an income tax refund.[1] District Judge David Nuffer referred this case to Magistrate Judge Brooke C. Wells under 28 U.S.C. 636(b)(1)(B).[2] Before the Court is Defendant's Motion to Dismiss for lack of Jurisdiction and for insufficient service of process.[3]

At the outset, the Court notes that Plaintiff is proceeding *pro se* and that a "pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[4] However, the leniency afforded to pro se parties does not relieve them of meeting fundamental jurisdictional, procedural, and factual requirements.[5] Plaintiff has also been permitted to proceed *in forma pauperis*.[6] Because Plaintiff is proceeding *in forma*

---

[1] Docket no. 3, at 1.

[2] Docket no. 4.

[3] Docket no. 6.

[4] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[5] *See Ogden v. San Juan Cnty*, 32 F.3d 452, 455 (10th Cir. 1994).

[6] Typically when a Plaintiff proceeds in forma pauperis, the Court addresses the sufficiency of Plaintiff's Complaint under the authority of 28 U.S.C. § 1915, and upon finding the Complaint sufficient, will issue a signed and sealed summons and make arrangements to serve the defendant by a U.S. Marshal. *See* 28 U.S.C. ¶ 1915(d) ("The officers

*pauperis*, the Court will address the sufficiency of Plaintiff's Complaint under the authority of 28 U.S.C. § 1915 ("the IFP Statute") and also will consider Defendant's Motion to Dismiss. Upon review of the Plaintiff's Complaint, the Court RECOMMENDS the District Court DISMISS Plaintiff's Complaint. The Court has given Plaintiff two separate opportunities to provide evidence showing that he filed for an extension of time to file his 2008 income taxes.[7] Plaintiff has twice provided a copy of a document but both are illegible and not useful to the Court.[8]

## BACKGROUND

Plaintiff claims that the Internal Revenue Service ("IRS") owes him a refund for his 2008 personal income taxes. He claims that around April 15, 2009, he filed for an extension of time in which to file his personal income taxes. He then filed his personal income taxes on October 15, 2009. He alleges that on or about October 15, 2012, he amended his personal income tax return and sought a refund. He alleges that on or about April 15, 2013, he again amended his personal income taxes and again sought a refund. He claims that because he included a physician's statement of financial disability, equitable tolling was triggered. Both refund requests were denied as was his claim for financial disability. He then filed a case in the United States Tax Court for the refund, which was dismissed due to lack of jurisdiction. Plaintiff now seeks to transfer the suit before the United States Tax Court to this Court and seeks a refund on his 2008 personal income taxes.

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction, lack of personal jurisdiction, and for insufficient service of process.

---

of the court shall issue and serve all process…"). Plaintiff apparently served the Complaint himself, albeit perhaps not in a manner prescribed by Rule 4(i)(1). Regardless, because the Court recommends dismissal, it need not ensure that service is properly effected.

[7] Docket nos. 12, 14.

[8] Docket nos. 13, 15.

ANALYSIS

1.      The Court Lacks Subject Matter Jurisdiction to Hear This Suit

One fundamental requirement of the Federal Rules of Civil Procedure is that a court must have subject matter jurisdiction over every claim, and thus even a pro se claim must be dismissed when a court finds it lacks subject matter jurisdiction.[9] "Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it."[10] When, as here, the moving party argues that the alleged facts that are grounds for subject matter jurisdiction are not accurate, the court has discretion to consider relevant evidence in order to resolve the factual dispute and determine if the facts provide subject matter jurisdiction.[11] "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations.[12] In addition, the Court has discretion to "allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).[13] "In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion."[14]

To begin, the United States, as sovereign, "is immune from suit save as it consents to be sued. . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[15] The statutory waiver of sovereign immunity that allows Plaintiff to bring a tax refund suit is 26 U.S.C. § 7422, which provides that one cannot bring suit for a tax refund

---

[9] Fed. R. Civ. P. 12(b)(1) & (h)(3).

[10] *Celli v. Shoell,* 40 F.3d 324, 327 (10th Cir. 1994).

[11] *See Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[12] *Id.*

[13] *Id.* (citations omitted).

[14] *Id.* (citation omitted).

[15] *United States v. Testan*, 424 U.S. 392, 399 (1976) (citation omitted).

until that person has timely filed a claim for refund.[16] Moreover, "[f]iling a timely tax refund claim with the IRS is a jurisdictional prerequisite to maintaining a tax refund suit."[17]

For a refund claim to be timely under 26 U.S.C. § 6511, it must be filed "within 3 years from the time the return was filed or 2 years from the time the tax was paid."[18] Plaintiff alleges he filed a refund claim on (or about) October 15, 2012 and again on (or about) April 15, 2013.[19]

Moreover, Plaintiff alleges that he filed an extension to file his 2008 personal income tax return[20] making his tax filing on October 15, 2009 timely, and he alleges, his refund claim filed on October 15, 2012 was filed within the required three year period. However, Defendant has provided a Declaration made under the penalty of perjury that the IRS Integrated Data Retrieval System shows no extension entered for Plaintiff for his 2008 tax return, absent which the return was due to be filed on April 15, 2009, not October 15, 2009.[21] Therefore, Plaintiff's allegation that he received an extension to file his 2008 tax return is controverted by the records of the IRS. The Court gave Plaintiff two opportunities to provide evidence to the Court that he sought an extension of time to file his tax return, but Plaintiff did not provide usable information.[22]

---

[16] See 26 U.S.C. § 7422.

[17] *Sugro, Inc. v. U.S.*, 57 F.3d 1081, at * 2 (10th Cir. 1995).

[18] 26 U.S.C. § 6511.

[19] Docket no. 3, at ¶ 3–4. Plaintiff's imprecise pleading is itself problematic as Plaintiff alleges that he filed his 2008 personal income tax "[o]n or about October 15, 2009" and his first claim for refund "[o]n or about October 15, 2012. The applicable statute of limitations period outlined in 26 U.S.C. § 6511 provides that Plaintiff must have sought refund within three years of filing a timely return. For purposes of deciding this Motion, the Court assumes that Plaintiff's personal income tax return was filed on October 15, 2009 and his first claim for refund was filed on October 15, 2012.

[20] Docket no. 3, at ¶ 2.

[21] Docket no. 6-1, at 2.

[22] Docket nos. 12, 14.

The Court therefore utilizes its discretion to consider the sworn declaration instead of presuming the truthfulness of the Complaint's allegations. Plaintiff's refund claim is time barred.[23] Thus, the United States has not consented to suit, and dismissal for lack of subject matter jurisdiction is proper.[24]

## CONCLUSION AND RECOMMENDATION

IT IS HEREBY RECOMMENDED that:

1) Defendant's Motion to Dismiss for lack of subject matter jurisdiction is GRANTED.

## NOTICE

Copies of this Report and Recommendation are being sent to all parties who are hereby notified of their right to object.[25] Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of Court. Any objection must be filed within this deadline. Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 29 July 2016.

Brooke C. Wells
United States Magistrate Judge

---

[23] Plaintiff's second claim for refund, filed on April 15, 2013 is also time barred.

[24] *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

[25] *See* 28 U.S.C. §636(b)(1).