IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHUNG H. CHAN,<br><br>            Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA,<br><br>            Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING OBJECTION** and **ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:15-cv-739-DN-BCW<br><br>District Judge David Nuffer |

Plaintiff Shung H. Chan filed objections[1] to the Report and Recommendation (R & R) issued on July 29, 2016.[2] The R & R recommends that this court "DISMISS Plaintiff's Complaint."[3] For the reasons discussed below, the court OVERRULES the objections and ADOPTS the R & R, granting the Defendant's Motion to Dismiss[4] for lack of subject matter jurisdiction. Additionally, the court DENIES Chan's Motion to Transfer.[5]

## BACKGROUND

Chan's action against the Commissioner of Internal Revenue (Commissioner) was referred to Magistrate Judge Brooke C. Wells under 28 U.S.C. § 636(b)(1)(B).[6] Chan alleges that he is owed "the refund on the latest amended return for tax year 2008" and pre- and post-

---

[1] Objections to Report and Recommendations (Objection), docket no. 17, filed Aug. 15, 2016.

[2] Report and Recommendations (R & R), docket no. 15, entered July 29, 2016.

[3] *Id.* at 2.

[4] Motion to Dismiss, docket no. 6, filed April 28, 2016.

[5] Motion to Transfer, docket no. 19, filed August 15, 2016.

[6] Docket Text Order Referring Case, docket no. 4, entered October 29, 2015.

judgment costs and fees.[7] Judge Wells issued an R & R recommending that this court dismiss Chan's complaint for lack of subject matter jurisdiction.[8]

Though Chan appears to raise numerous objections, he primarily objects to the magistrate's determination that he did not timely file a refund claim.[9] The Commissioner filed a response to the objections urging the court to adopt the R & R.[10]

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C), when a party files an objection to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. [The district judge] may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[11]

## DISCUSSION

Chan's main objection hinges on whether he obtained an extension to file his tax return. As the Magistrate Judge properly noted, before Chan can bring an action against the United States, it must waive its sovereign immunity by giving consent to be sued, "and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[12] Here, the United States' consent to be sued requires Chan to first properly file a claim with the I.R.S.: "No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected . . . until a claim for refund or

---

[7] Complaint at 3, docket no. 3, filed October 22, 2015.

[8] R & R at 5.

[9] Objection at 1.

[10] Response to Objection to Magistrate's Report, docket no. 20, filed August 17, 2016.

[11] 28 U.S.C. § 636(b)(1)(C).

[12] *U.S. v. Testan*, 424 U.S. 392, 399 (1976).

credit has been duly filed with the Secretary."[13] A claim must be filed "by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid."[14]

Chan alleges the following chronology:

- For his 2008 tax return, he filed an extension "with the IRS at the Provo, Utah office on or about 4/15/09."[15]
- He filed his 2008 tax return "on or about 10/15/09."[16]
- He filed a refund claim "on or about 10/15/12."[17]

The crux, therefore, rests on whether Chan filed an application for an extension. Without an extension, his refund claim was untimely, by six months, destroying this court's subject matter jurisdiction.

The Commissioner challenges Chan's allegation that he filed an extension. "When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations."[18] Further, the court has "wide discretion to allow" evidence to "resolve disputed jurisdictional facts."[19] And "reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion."[20] Here, because subject matter jurisdiction depends on properly proceeding through the administrative process, challenging Chan's filing date is a factual attack on subject matter jurisdiction. In support, the Commissioner

---

[13] 26 U.S.C. § 7422(a).

[14] 26 U.S.C. § 6511(a).

[15] Opposition to Motion to Dismiss at 2, docket no. 10, filed May 31, 2016.

[16] *Id.* at 1.

[17] *Id.* at 2.

[18] *Holt v. U.S.*, 46 F.3d 1000, 1003 (10th Cir. 1995).

[19] *Id.*

[20] *Id.*

offers a declaration from an IRS employee stating that the IRS's Integrated Data Retrieval System "shows no extension entered for filing the 2008 return."[21] Chan responds with a blurry picture of an "Application for Automatic Extension of Time to File U.S. Individual Income Tax Return."[22] Chan alleges that he "took a photo of the 2008 extension to file form prior to submitting the form to the IRS."[23] He also alleges that as proof that the picture is not manufactured evidence, solely to support the present litigation, the "photo is dated 4/15/09 at 12:46 pm."[24] After closely examining .pdf copies Chan provided[25] per the Magistrate Judge's requests[26] and the hard copy provided with this objection, no date or time could be found. Chan did not submit a digital file from which any date or time could be determined or expert testimony regarding such a file. And, more importantly, there is simply no indication that he actually filed the application. In short, Chan does not provide usable evidence needed to meet the Commissioner's challenge and gain subject matter jurisdiction.

Chan's Motion to Transfer also fails. Because Chan did not meet the procedural antecedent to bringing an action against the U.S., the action cannot be "maintained in any court."[27]

---

[21] Declaration of Maleia Parker attached as exhibit 1, docket no. 6-1, filed April 28, 2016.

[22] Objection at 6.

[23] *Id.* at 1.

[24] *Id.*

[25] Exhibit A: 2008 extension of time to file, docket no. 13, filed July 6, 2016; Exhibit B: 2008 extension of time to file (clarified), docket no. 15, filed July 28, 2016. Both filings only include a scan of the photo. Chan has not provided the photo in its native format.

[26] Order, docket no. 12, entered June 20, 2016; Renewed Order for Plaintiff to Provide Evidence to the Court, docket no. 14, entered July 11, 2016.

[27] 26 U.S.C. § 7422(a).

## ORDER

IT IS HEREBY ORDERED that Chan's objections to the R & R are OVERRULED.

IT IS FURTHER ORDERED that the R & R is ADOPTED.

IT IS FURTHER ORDERED that the Motion to Dismiss[28] is GRANTED

IT IS FURTHER ORDERED that the Motion to Transfer[29] is DENIED.

The Clerk is directed to close the case.

    Dated August 29, 2016.

                                          BY THE COURT:

                                          David Nuffer
                                          United States District Judge

---

[28] Motion to Dismiss, docket no. 6, filed April 28, 2016.

[29] Motion to Transfer, docket no. 19, filed August 15, 2016.